SIMONDS COUNTER MACHINERY Co. *v.* YOUNG *et al.*

(*Circuit Court, D. Massachusetts.* May 3, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—MOULDING SHOE STIFFENERS.

Patent No. 292,514, granted January 29, 1881, to N. J. Simonds, for improvements in moulding stiffeners for boots or shoes. the specification of which shows that the important improvement covered by the patent is the production of a counter with converging front ends, or with a widened center and contracted front. by means of two pairs of moulds, is not infringed by defendants' machine, (under patent No. 350,907, granted to William J. Young,) in which two sets of dies are used,—one to partially shape the blank at its forward ends, and the other to finish it by moulding the rear portions,—but in which there is no converging of the front ends of the counter.

In Equity. Suit for infringement of patent.

*W. A. Macleod,* for complainant.

*J. E. Maynadier,* for defendants.

COLT, J. This suit is brought for the alleged infringement of the first claim of letters patent No. 292,514, granted January 29, 1884, to N. J. Simonds, for improvements in moulding stiffeners for boots or shoes. Stiffeners are placed around the heel of a boot or shoe, and the specifi-

cation says the invention consists both in the mechanical devices employed, and in the method or process by which the improvement is carried into effect. The first claim is for the method or process, and reads as follows:

"The herein-described method of moulding stiffeners, the same consisting in first subjecting them to pressure in moulds adapted to act upon and compress the forward portion thereof, and then repeating such moulding in dies adapted to mould the rear portion, and to set the stiffener in form with converging front ends, substantially as specified."

The patent describes two pairs of moulds by which a counter or stiffener may be made with converging front ends. A careful examination of the whole specification shows that the important improvement covered by the patent was the production of a counter with converging front ends, or with a widened center and contracted front, by means of two pairs of moulds. The specification says:

"A well moulded and formed stiffener is widest at a point about midway between the apex of the heel and the extreme front, as shown in the stiffener in position in the moulds in Fig. 10, and, as it is impossible to impart this form in a single pair of solid moulds, many kinds of hinged female moulds which could be closed laterally upon the stiffener when in place on the male mould have been devised and patented, as also expanding male moulds, with devices to separate or open the same when in position within the stiffener and female mould, a patent having been granted to me for such expanding mould; but all such hinged, sectional, or expanding moulds are obnoxious to the objection that, wherever there is a joint or line between two parts of either a male or female mould, there will be found a corresponding ridge upon the surface of the moulded stiffener. Besides this objection in the product, the divers devices requisite to the actuating of such divided moulds are highly objectionable, as they are not only liable to be out of order, but seriously interfere with the work of the operator. With my moulds and method I entirely obviate all these difficulties. * * * and I am enabled, with solid moulds, to mould stiffeners with a widened center and contracted front, which is now regarded by the trade as an indispensable form or contour, which form has only been hitherto obtained in moulded stiffeners by means of sectional male or female moulds, or both."

The method covered by the patent in suit is manifestly limited to the art of moulding counters with converging front ends; and to read this feature out of the first claim, and so broaden it as to make it cover a method or process where this feature is absent, would be unwarranted, and contrary to the intent of the patentee.

The defendants' machine is the same as that described in letters patent No. 350,907, granted to William J. Young. And while the defendant uses two sets of dies,—one to partially shape the blank at its forward ends, and the other to finish it by moulding the rear portions thereof,—yet, as there is no converging of the front ends of the counter, I do not think it can be said that he uses the method or process described in the first claim of the Simonds patent. This is the chief defense relied upon in this case; and, as it seems to me well taken, it becomes unnecessary to consider the other questions which were raised at the hearing. The bill should be dismissed, with costs; and it is so ordered.